**In re PELHAM STREET ASSOCIATES, Debtor.**

**Bankruptcy No. 89–11259.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 27, 1991.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

Robert D. Wieck, MacAdams & Wieck, Inc., Providence, R.I., for Rhode Island Hosp. Trust Nat. Bank.

William J. McGair, Providence, R.I., for creditors Richard H. Baylis and Ronald W. DelSesto.

Office of the U.S. Trustee, Stephen Woodbury, Boston, Mass.

### ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on October 24, 1991, on the confirmation hearing of the Debtor's "Third Amended Plan of Reorganization." The Debtor is attempting to prevent the foreclosure and sale of its sole asset, a multiunit commercial building located in Newport, Rhode Island. Rhode Island Hospital Trust National Bank (RIHT), the first mortgagee on the real estate, and also a Class 3 creditor, objects to confirmation of the Plan as proposed. The United States Trustee and the Class 4 creditors also object.

RIHT focuses its objection on the assertion that the Plan does not provide the bank with the present value of its claim, as required by 11 U.S.C. § 1129(b)(2)(A)(i)(II). The Plan calls for a deferred payout of $815,000, amortized over a twenty-five year schedule at 7% interest, with a balloon payment at the end of five years. At that time the entire balance would become due and be "paid either through refinancing or sale of the Debtor's building." RIHT's more general objections center on its doubts as to the feasibility of the Plan, to the Debtor's cash flow projections in the current market, and its lack of confidence in the managerial ability of the Debtor's present principal, James Beaulieu. Additionally, RIHT questions the separate classification of the third and fourth mortgagees into Classes five and six respectively, who, RIHT argues, should both be treated as unsecured creditors.

The United States Trustee objects to confirmation on the ground that because of the overlap of some limited partners between Classes 5 and 8, and the impossibility of discerning under which Class they may have voted, the balloting was improper. As a result, the United States Trustee argues, the Plan can neither be deemed accepted pursuant to 11 U.S.C. § 1126, nor confirmed under 11 U.S.C. § 1129(a)(8).

Pelham Park Partnership, a Class 4 creditor, through two of its three general partners, objects on the basis that it would not receive the present value of its claim.

■ The Order approving the Amended Disclosure Statement fixed October 18, 1991 as the last day for filing written acceptances or rejections of the Plan. At the hearing, there were not sufficient acceptances to allow confirmation. The Debtor admits that it did not actively solicit acceptances, and submits that this happened through "inadvertence."

The Debtor argues that through oversight, it was not made sufficiently clear to creditors that affirmative votes were necessary to be counted for the Plan acceptance. On this basis, the Debtor argues, it should have the opportunity to send the same Plan out for re-balloting, this time with clearer instructions that by not voting, creditors would not be deemed to have accepted the Plan. Because of our ruling below, this argument is moot. For future reference, however, Debtor and its counsel are forewarned that this proposed course of action is totally unacceptable, as nothing more than a transparent device to buy additional time.

■ We conclude that all of the objections by all of the objectors are valid, and on its merits, we would deny confirmation of the Plan as it is presently drafted. Amortizing the bank debt at a below-market interest payment rate over a twenty-five year period, with the promise of a balloon payment at the end of five years, does not even begin to meet the "fair and equitable" treatment test pursuant to § 1129(b). *See, e.g.,* Barry S. Schermer & Keith W. Bartz, *Negative Amortization and Plan Confirmation: Is it Fair and Equitable Under Section 1129(b) of the Bankruptcy Code?,* 8 Bankr.Dev.J. 1, 10–12 (1991) (discussing framework for case-by-case analysis of negative amortization plans). The Court has considerable concern over the size and feasibility of the contemplated balloon. This Plan is pure pie in the sky, and no secured creditor should be required to depend on such illusory pie.[1]

■ Finally, the Debtor has created a Class 5, consisting of the limited partners

---

1. In light of the condition of the Rhode Island economy, however, the suggestions of RIHT as

to what constitutes fair and equitable treatment are equally out of touch with reality.

of the Debtor, who hold a third mortgage on the real property. Because of the "insider" nature of the Class 5 debt, any modified plan should provide that Class 5 creditors, to the extent that they are unsecured, and Class 8 (General and Limited Partners of the Debtor), will not have a priority position over Class 7 unsecured, non-insider creditors.

Accordingly, confirmation of the Third Amended Plan of Reorganization is DENIED, and the Debtor may, within 15 days, file a Fourth (*and final*) Amended Plan, taking whatever guidance it deems appropriate from this Order, and recognizing the concerns raised by the objectors.